UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LONNIE EWING,<br><br>    Plaintiff,<br><br>v.<br><br>HENRY A. GILL and TRANSAM TRUCKING, INC.,<br><br>    Defendants. | Case No. 12-cr-578-JPG-SCW |

## MEMORANDUM AND ORDER

In light of Seventh Circuit admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Notice of Removal (Doc. 2) filed by the defendants:

- **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. The defendants have pled the residence, not the citizenship, of plaintiff Ewing and defendant Gill.

The Court hereby **ORDERS** that the defendants shall have up to and including May 18, 2012, to amend the faulty pleading to correct the jurisdictional defects. Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction. Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. The defendants are directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: May 3, 2012**

                              s/J. Phil Gilbert
                              **J. PHIL GILBERT**
                              **DISTRICT JUDGE**